UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GWENETTA COOPER, <br><br> Plaintiff, <br><br> v. <br><br> ANTWON BOSWELL, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:22-CV-04881-JPB |

## ORDER

This matter is before the Court on Gwenetta Cooper's ("Plaintiff") Motion to Remand [Doc. 8]. This Court finds as follows:

## BACKGROUND

Plaintiff filed this personal injury action against Anton Boswell, Wiley Sanders Truck Lines, Inc. and John Doe (collectively, "Defendants") on November 11, 2022, in the Superior Court of Gwinnett County. [Doc. 1-1]. In her Complaint, Plaintiff alleges that she was injured on December 3, 2020, when a tractor trailer driven by Boswell and owned by Wiley Sanders Truck Lines, Inc., collided with her car. Id. at 8. Plaintiff asserts that Defendants are liable for medical expenses in the amount of $27,609.74 and rental car fees in the amount of $18,292.86. Id. at 13. Plaintiff further asserts that Defendants are responsible for

general damages relating to "pre-impact fright, physical and mental pain and suffering, loss of enjoyment of life, loss of mobility, and emotional distress." Id. Plaintiff does not specify the amount of general damages that she is entitled to in her Complaint. However, Plaintiff did send Defendants a pre-suit demand letter asking for $275,000 in total damages. [Doc. 12-2].

Defendants removed the action to this Court on December 9, 2022, on the basis of diversity jurisdiction. [Doc. 1]. Although Plaintiff did not plead a specific amount of damages in her Complaint, Defendants asserted in their Notice of Removal that it is apparent that the amount in controversy exceeds the jurisdictional minimum because Plaintiff alleged more than $45,900 in past special damages and seeks to recover for "future medical costs, mental and physical pain and suffering, and loss of the capacity of the enjoyment of life." Id. at 3.

Plaintiff filed the instant Motion to Remand on January 9, 2023. [Doc. 8]. In the motion, Plaintiff contends that Defendants have failed to meet their burden to show that the amount-in-controversy requirement is satisfied. The motion is ripe for review.

## ANALYSIS

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be removed to federal court by a defendant if the case could have originally been filed in federal court.  When a case is removed, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002).  When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is (1) complete diversity of citizenship and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).

The parties agree that they are completely diverse.  Thus, the only issue before the Court is whether the amount-in-controversy requirement is satisfied.  In carrying this burden, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka, 608 F.3d at 754.  Rather, where a plaintiff has not pled a specific amount of damages, as is the case here, the removing defendant may satisfy its burden by showing that it is "facially apparent from the pleadings itself that the amount in controversy exceeds the jurisdictional minimum" or that there is "additional evidence

3

demonstrating that removal is proper." Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (quoting Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010)).

This Court recognizes that removal statutes are to be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). Notably, in determining whether the jurisdictional minimum has been satisfied, district courts are permitted to use their judicial experience and common sense. Roe, 613 F.3d at 1062. Indeed, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in analyzing the amount in controversy. Id.

As stated above, Defendants argue that Plaintiff's past special damages in the amount of $45,902.60,[1] when combined with the other damages that Plaintiff is seeking, make it facially apparent that the amount in controversy requirement is satisfied. The Court agrees. Based on this Court's judicial experience and common sense, the Court finds that it is more likely than not that Plaintiff's claim for unspecified damages exceeds the jurisdictional amount, particularly when she

---

[1] Plaintiff asserts that she is entitled to recover $27,609.74 in medical expenses and $18,292.86 in rental car fees.

4

has already pled more than $45,000 in damages.  See Peterman v. Walmart Stores, Inc., 1:13-cv-91, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013) ("[The plaintiff] claims more than $40,000 in medical expenses alone.  Past and future pain and suffering and future medical expenses adequately account for the remaining $35,000."); Rowe v. Werner Enters., Inc., No. 1:15-cv-03642, slip. op. at 5 (N.D. Ga. Jan. 5, 2016) (finding that the amount in controversy was satisfied based on judicial experience and common sense when the plaintiff had already pled over $46,000 in damages).

The Court's conclusion that the amount in controversy is satisfied here is further bolstered by Plaintiff's pre-suit demand letter seeking $275,000.  Although settlement demands "commonly reflect puffing and posturing," they "count[] for something."  Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  After analyzing Plaintiff's settlement demand in this case, this Court finds that it represents a thoughtful and honest assessment of the damages that Plaintiff is seeking.  See Holmberg v. Applica Consumer Prods., Inc., No. 1:14-CV-00642, 2014 WL 12625946, at *3 (N.D. Ga. Aug. 12, 2014).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. 8] is **DENIED**.  Local Rule 16.2 requires parties to submit a Joint Preliminary Report

and Discovery Plan. "The completed form must be filed within thirty days after the appearance of the first defendant by answer or motion or within thirty days after a removed case is filed in this Court." LR 16.2, NDGa.

The parties are **HEREBY ORDERED** to file the Joint Preliminary Report and Discovery Plan no later than April 17, 2023. The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal. In the event a Joint Preliminary Report and Discovery Plan is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the applicable time period.

**SO ORDERED** this 27th day of March, 2023.

_____
J. P. BOULEE
United States District Judge